IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA MOUSAVI, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10 C 4765 |
| PARKSIDE OBSTETRICS GYNECOLOGY & INFERTILITY, S.C. and HELAYNE MERKIN, M.D. | ) Judge Kocoras |
| Defendants. | ) |

**DEFENDANT PARKSIDE OBSTETRICS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS III AND IV OF THE COMPLAINT**

Defendant Parkside Obstetrics Gynecology and Infertility, S.C. ("Parkside"), submits the following Memorandum of Law in Support of its Motion for Judgment on the Pleadings.

## I. INTRODUCTION

Defendant Parkside is entitled to a judgment on the pleadings with respect to Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") (Count III) and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") (Count IV). Plaintiff's Complaint fails to allege the required elements of those claims. Thus, Plaintiff's Count III and IV claims fail as a matter of law and Defendant Parkside is entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## II. APPLICABLE LEGAL STANDARD

A Rule 12(c) motion tests the legal sufficiency of a party's claim for relief, that is, whether the allegations of the Complaint would entitle plaintiff to relief. The Rule allows trial courts to dismiss lawsuits "that are fatally flawed in their legal premises and destined to fail, and

thus spare litigants the burdens of unnecessary pretrial and trial activity. *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

Motions under Rule 12(c) are analyzed under the same standard as motions under Rule 12(b)(6).[1] *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 622 (7th Cir. 2007). In evaluating such a motion, a court must accept all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. A plaintiff must, however, allege "those facts *necessary* to a finding of liability." *Amron v. Morgan Stanley Inv. Advisors, Inc.*, 464 F.3d 338, 343-44 (2d Cir. 2006) (emphasis in original).

## III. ARGUMENT

Plaintiff's Complaint contains *no* allegations that Defendant Parkside is an "employer" under the ADA or the ADEA. Thus, even if Plaintiff were to establish *all* the allegations of her Count III (ADA) and Count IV (ADEA) claims, Defendant would still be entitled a judgment as a matter of law. There are no facts in the Complaint that allege that Parkside is a covered employer under the ADA or ADEA.[2]

### A. Defendant Parkside is Entitled to Judgment on Plaintiff's Count III ADA Claim

---

[1] The Supreme Court's recent decisions in Twombly *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Erickson v. Pardus*, 551 U.S. 89 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) extend to Rule 12(c) motion practice. See, e.g., *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009); *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009).

[2] Although Plaintiff's Count V ERISA claim might contain sufficient facts to survive a motion to dismiss, it fails for the same reason Plaintiff's ADA and ADEA claims fail. The COBRA notice provisions of ERISA do not apply to a plan sponsor who "normally employed fewer than 20 employees on a typical business day during the preceding calendar year." 29 U.S.C. § 1161(b). Parkside is such a plan sponsor.

2

The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §12111(5)(A). In order for Plaintiff to state a claim under the ADA, she must first allege that her employer is a covered entity under the Act. *See Sweet v. Electronic Data Systems, Inc.*, No. 95 C 3987, 1996 U.S. Dist. LEXIS 5544, at *8 (S.D.N.Y. April 26, 1996).

Nowhere in Plaintiff's Complaint does Plaintiff allege that Parkside is an "employer" as defined by the ADA. See Complaint. Thus, even if Plaintiff were to establish the other allegations of her Complaint, Parkside would still be entitled to a judgment as a matter of law. *See Prince v. State Dep't of Revenue*, No. 09 C 5967, 2010 U.S. Dist. LEXIS 84915, at *12 (N.D. Ill. Aug. 2, 2010). Parkside is therefore entitled to judgment on Count III of Plaintiff's Complaint.

### B. Defendant Parkside is Entitled to Judgment on Plaintiff's Count IV ADEA Claim

Count IV of Plaintiff's Complaint alleges that Parkside has violated the ADEA because, according to Plaintiff, she was terminated after opposing discrimination in the workplace. *See* Complaint, ¶¶ 42, 44. Like Plaintiff's ADA claim, however, her ADEA claim also fails to allege the required elements of that claim. Plaintiff failed to allege that Parkside is an "employer" subject to the ADEA.

Under the ADEA, an "employer" is defined as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Again, Plaintiff did not – and cannot allege -- allege that Parkside is an "employer." See Complaint, ¶¶ 41-47.

3

As a matter of law, therefore, her Count IV ADEA claim fails and Parkside is entitled to judgment as a matter of law on that claims. *See Kelly v. Wauconda Park Dist.*, 801 F.2d 269, 273 (7th Cir. 1986) (affirming the dismissal of Plaintiff's Complaint because the issue of the number of employees employed by Defendant was not at issue).

## IV. CONCLUSION

For the reasons stated above, Defendant Parkside respectfully requests that the Court enter a judgment in its favor on Plaintiff's Count III and Count IV claims pursuant to Federal Rule of Civil Procedure 12(c).[3]

Dated: November 18, 2010

Respectfully submitted,

s/Douglas M. Werman
Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Bantz – mbantz@flsalaw.com
David E. Stevens -.dstevens@flsalaw.com
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Defendants

---

[3] Plaintiff's Counsel has also asked Defendants' Counsel to agree to voluntarily dismiss Plaintiff's ADA, ADEA and ERISA claims. See Exhibit A, hereto.